**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

UNITED STATES, :
:
v. : CASE NO.: 7:21-cr-17-1 (WLS)
:
BRANDON RASHAD DOWDELL, :
:
Defendant. :
:

**ORDER**

Before the Court is the Defendant's Motion to Dismiss the Indictment with prejudice for violation of the Speedy Trial Act (C2. Doc. 23), the Government's Response to Defendant's Motion to Dismiss Indictment (C2. Doc. 24) and Defendant's Brief (C2. Doc. 28) in response to this Court's September 23, 2021 Order (C2. Doc. 27.) Given that Defendant's Brief (C2. Doc. 28) is untimely, and Defense Counsel did not request an extension the Court declines to consider the late filing.[1]

Defendant through his attorney argues that the Indictment (C2. Doc. 1) should be dismissed for three reasons. First, it is Defendant's position that the Speedy Trial Act deadline has expired.[2] (C2. Doc. 23) Second, Defendant argues that conducting a trial at this point would violate Defendant's Sixth Amendment right to a speedy trial. *Id.* Third that Defendant has been prejudiced by the Government's failure to try him within the deadlines established

[1] The Court notes for the purposes of the record that Defense Counsel requested parallel briefs due 21 days after the transcript of a hearing, held before the Honorable Judge Lawson, was made available. That hearing pertained to the Defendant's Motion to Dismiss the original indictment for violation of the Speedy Trial Act. The transcript was made available on September 24, 2021. Both Counsel for the Government and the Defendant missed the corresponding deadline to file briefs by October 15, 2021.

[2] Defense Counsel argues in his Motion to Dismiss the Indictment with that the Speedy Trial clock expired in this case thirty (30) days after the first indictment was dismissed, because that is the relevant triggering date for the second indictment. That is not the law.

by the Speedy Trial Act and the Sixth Amendment. *Id.* All three of these reasons in effect raise the same claim, that the second indictment should be dismissed because the Speedy Trial Act has been violated. As part of this argument, Defense Counsel also contends that the dismissal of Defendant's first indictment should have been with prejudice. (C2. Doc. 23 at 13.)

As this Court finds that the Speedy Trial Act has not been violated, and this Court lacks jurisdiction to review whether Defendant's first indictment should have been dismissed with prejudice, Defendant's Motion to Dismiss the Indictment with Prejudice is **DENIED**.

## RELEVANT PROCEDURAL HISTORY

On November 13, 2018 – in the case numbered 7:18-cr-55 – the Government obtained an indictment charging Defendant with the possession of a firearm as a convicted felon. (Case 1 Doc. 1) (hereafter Case 1 shall be referred to as C1. Whereas the matter presently before this Court is C2.) As Defendant was confined at the Lowndes County Jail, the Court – upon motion of the government – issued a writ of habeas corpus *ad prosequendum* ordering the sheriff of Lowndes County to deliver Defendant to the United States Marshals for his initial appearance. (C1. Doc. 9.) The day before Defendant's arraignment – 272 days after the first indictment was issued – the Government motioned for Defendant to be detained. (C1. Doc. 11.) The following day, August 13, 2019, Defendant was arraigned on the indictment, entered a not guilty plea, and consented to his detention. (C1. Docs. 12, 14, 16.) The Court also entered its Standard Pretrial Order on that day. (C1. Doc. 13.)

Pursuant to that Standard Pretrial Order, the Government was required to provide the Defendant with its discovery on, or before, September 15, 2019. (Id.) Despite this clear deadline, the Government failed to take any further action in the first case until sixty-nine (69)

days later. On October 21, 2019 – a total of 342 days after the filing and unsealing of the original indictment –the Government filed a motion to continue the case to the Court's "next regularly scheduled term of court for Valdosta, currently set to begin on January 27, 2020." (C1 Doc. 18.) The reason that the Government requested a continuance is that the parties "had not had the opportunity **to complete discovery** or engage in any discussions concerning the course of discovery, possible discovery issues, or potential resolution of the matter." (*Id.*)

Counsel for the Defendant filed a response objecting to the Government's Motion to Continue on October 28, 2019 (C1. Doc. 19) as well a Motion to Dismiss the Indictment for violation of the Speedy Trial Act. (C1. Doc. 20). Therein, Counsel for the Defendant informed the Court that the Government had failed to comply with the Court's standard pretrial order and had yet to provide any discovery in the case. (C1. Doc. 19 at 3.)

The Honorable Judge Lawson held a hearing on the Defendant's Motion to Dismiss the Indictment for violation of the Speedy Trial Act on January 9, 2020. At that hearing the Government contended that the Speedy Trial Act had not been violated, but acknowledged that the Government had filed its motion to continue because the Government "had not yet gotten all of our discovery together and to the defense." [3] (C1. Doc. 22 at 10.) Judge Lawson disagreed with the Government's contention that the Speedy Trial Act had not been violated, and dismissed the original indictment without prejudice.

On May 12, 2021, seventeen (17) months later, the Government reindicted Defendant on the exact same charge, felon in possession of a firearm. (C2. Doc. 1.) This Court – upon motion of the government (C2. Doc. 5) – issued a writ of habeas corpus *ad prosequendum* by

---

[3] The Defendant did not receive discovery until nearly a year after he was first indicted.

text entry ordering the sheriff of Lowndes County to deliver Defendant to the United States Marshals for his initial appearance and arraignment which were set for June 22, 2021. Defendant appeared for his initial appearance on June 22, 2021 and entered a plea of not guilty. (C2. Doc. 16.) Defendant was ordered to be detained pending resolution of the case (C2. Doc. 12.) Defendant through Counsel subsequently filed the present Motion to Dismiss the Indictment with prejudice for violation of the Speedy Trial Act. (C2. Doc. 23.)

## DISCUSSION

### I. Motion to Dismiss Indictment for Violation of the Speedy Trial Act

As this Court finds that all three of the reasons cited by the Defendant as to why this case should be dismissed with prejudice are in effect the same claim – that the Speedy Trial Act has been violated – this Court shall address all three reasons at once. The Speedy Trial Act provides that if the original indictment is dismissed and an indictment is filed charging the defendant with the same offense, "the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent … indictment." 18 U.S.C. § 3161(d)(1). In this case, the Government indicted the Defendant for a second time on May 12, 2021. The Defendant was arrested pursuant to that indictment on June 17, 2021.

§ 3161(b) has been interpreted to require that the indictment must occur within thirty (30) days after the arrest. *See U.S. v. Skanes*, 17 F.3d 1352, 1353 (11th Cir. 1994). Accordingly per § 3161(d)(1) and § 3161()b), the tolling of the Speedy Trial Act did not begin until May 12, 2021. Accounting for the periods this Court excluded from the Speedy Trial Act clock, this Court finds that the Speedy Trial Act clock for the second indictment has yet to elapse. For

this reason, the Defendant's Motion to Dismiss the Indictment for Violation of the Speedy Trial Act is **DENIED**.

## II. Whether the First Indictment Should have been Dismissed with Prejudice

Defendant also contends that the dismissal of Defendant's first indictment should have been with prejudice. (C2. Doc. 23 at 13.) This Court lacks jurisdiction to review whether the first indictment should have been with prejudice in light of the United States Court of Appeals for the Eleventh Circuit's holding in *United States v. Kelley*, 849 F.2d 1395 (11th Cir. 1988). In *Kelley,* the United States Court of Appeals for the Eleventh Circuit considered whether a Defendant could immediately appeal a district court's decision to dismiss an indictment without prejudice when the Government violated the Speedy Trial Act. The court in *Kelley* concluded that a "district court's order dismissing the indictment is not a final order under 28 U.S.C. § 1291 and that the dismissal" is therefore not appealable. *Id*., at 1395. It was the court in *Kelley*'s position that a "criminal defendant may not immediately appeal when an indictment is dismissed without prejudice for a Speedy Trial Act violation." *Id*., at 1396. Accordingly, "any challenge to the dismissal of the indictment without prejudice must await the defendant's subsequent conviction." *Id*., at 1397.

While the Defendant in this case did not immediately appeal the first indictment being dismissed without prejudice, this Court finds that the reasoning in *Kelley* applies and therefore this Court lacks jurisdiction to consider whether the first indictment should have been dismissed with prejudice. That question can only be answered by the Court of Appeals if the Defendant is convicted and appeals his conviction.

## Conclusion

In conclusion, the Speedy Trial Act clock has yet to expire because the clock did not begin to run until the issuance of the second indictment. While Defendant may have been prejudiced by the delay of over 1,000 days since the original indictment was issued, given that the Speedy Trial Act clock has yet to expire, Defendant's Motion to Dismiss the Indictment (C2. Doc. 23) with prejudice for violation of the Speedy Trial Act is **DENIED**.

In addition, as the Court lacks jurisdiction to decide whether the first indictment should have been dismissed with prejudice, it declines to reach that question. That issue may only be broached by the United States Court of Appeals for the Eleventh Circuit if the Defendant is convicted and appeals his conviction.

**SO ORDERED**, this 16th day of November 2021.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**