# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-17 (WLS-TQL-1) |
| | : |
| BRANDON RASHAD DOWDELL, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is the Government's Unilateral Motion for a Continuance (Doc. 34) that was filed on December 27, 2021. In the Government's Motion the Government informs the Court that a continuance is needed as both parties are still preparing for trial and it is the Government's position that the Defendant needs additional time to consider any plea agreement offered by the Government. (Doc. 34.)

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

In Defendant's first Response (Doc. 31) to this Court's Order to Confer (Doc. 30), Defense Counsel informed this Court that that there are no matters requiring a hearing or further briefing in this case. As it was unclear to this Court whether a continuance was required based upon Defense Counsel's representations, this Court ordered Defense Counsel to file a motion to continue by December 28, 2021 if a continuance was required. (Doc. 33.) To date, Defense Counsel has not filed any such motion, nor contested or challenged the

Government's representations to the Court in support of the Government's Unilateral Motion for a Continuance. (Doc. 34.)

At this time, the Court finds, based on Counsel for the Government's representations, that good cause exists to grant the Government's Motion to Continue (Doc. 34.) In view of the same, the Court finds that the requested continuance serves the ends of justice and outweighs the best interests of the public and the Defendant in a speedy trial. The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, both parties are still preparing for trial and the Defendant needs additional time to consider any plea agreement offered by the Government.

Accordingly, the Government's Motion to Continue (Doc. 34.) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning May 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). If the Defendant disagrees with any of the representations made by the Government or otherwise objects to a continuance, Counsel for the Defendant shall file an objection to the continuance in writing, not later than Friday, January 7, 2022. If filed, the Court will reconsider this Order. If no objection is filed, this Order shall stand and remain in effect.

**SO ORDERED**, this __3rd__ day of January 2022.

                                                                         /s/ W. Louis Sands
                                                                         **W. LOUIS SANDS, SR. JUDGE**
                                                                         **UNITED STATES DISTRICT COURT**