IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:21-CR-17 (WLS-TQL-1) |
| | : | |
| BRANDON RASHAD DOWDELL, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Defendant's Objection (C2. Doc. 36) to the Government's unilateral Motion to Continue Trial (C2. Doc. 34), the Government's Response in Opposition (Doc. 39) and Defendant's Reply. (C2. Doc. 43.) In Defendant's Objection to the Government's Motion for Continuance (C2. Doc. 36) Defendant contends that the Government's request to continue the case is not supported by any of the factors identified in 18 U.S.C. § 3161(h) and does not support the ends of justice. § 3161(h)(7). The Court enters this Order for the limited purpose of addressing the Defendant's Objection (C2. Doc. 36) to the Government's unilateral Motion for Continuance. (C2. Doc. 34.) [1]

## RELEVANT PROCEDURAL HISTORY

On November 13, 2018 – in the case numbered 7:18-cr-55 – the Government obtained an indictment charging Defendant with the possession of a firearm as a convicted felon. (Case

---

[1] The Court notes for the purposes of the record that there are two issues commingled in the briefs presently before the Court. The first issue is whether the Government's unilateral Motion to Continue Trial in the Interests of Justice (C2. Doc. 34) was supported by any of the factors identified in 18 U.S.C. § 3161(h). The second issue is whether the second indictment should be dismissed because Defendant's Sixth Amendment right to a speedy trial has been violated, and the delay has irreparably prejudiced the Defendant. The Court is still considering the Defendant's Second Motion to Dismiss the Second Indictment (C2. Doc. 37) and enters this order only to address the Defendant's Objection (C2. Doc. 36) to the Government's unilateral Motion to Continue. (C2. Doc. 34.)

1

1 Doc. 1) (hereafter Case 1 shall be referred to as C1. Whereas the matter presently before this Court is C2.) As Defendant was confined at the Lowndes County Jail, the Court – upon motion of the government – issued a writ of habeas corpus *ad prosequendum* ordering the sheriff of Lowndes County to deliver Defendant to the United States Marshals for his initial appearance. (C1. Doc. 9.) The day before Defendant's arraignment – 272 days after the first indictment was issued – the Government motioned for Defendant to be detained. (C1. Doc. 11.) The following day, August 13, 2019, Defendant was arraigned on the indictment, entered a not guilty plea, and consented to his detention. (C1. Docs. 12, 14, 16.) The Court also entered its Standard Pretrial Order on that day. (C1. Doc. 13.)

Pursuant to that Standard Pretrial Order, the Government was required to provide the Defendant with its discovery on, or before, September 15, 2019. (*Id.*) Despite this clear deadline, the Government failed to take any further action in the first case until sixty-nine (69) days later. On October 21, 2019 – a total of 342 days after the filing and unsealing of the original indictment –the Government filed a Motion to Continue the case to the Court's "next regularly scheduled term of court for Valdosta, currently set to begin on January 27, 2020." (C1 Doc. 18.) The reason that the Government requested a continuance is that the parties "had not had the opportunity to complete discovery or engage in any discussions concerning the course of discovery, possible discovery issues, or potential resolution of the matter." (*Id.*)

Counsel for the Defendant filed an Objection to the Government's Motion to Continue on October 28, 2019 (C1. Doc. 19) as well a Motion to Dismiss the First Indictment for violation of the Speedy Trial Act. (C1. Doc. 20). Therein, Counsel for the Defendant informed the Court that the Government had failed to comply with the Court's standard pretrial order and had yet to provide any discovery in the case. (C1. Doc. 19 at 3.)

2

The Honorable Judge Lawson held a hearing on the Defendant's Motion to Dismiss the Indictment for violation of the Speedy Trial Act on January 9, 2020. At that hearing the Government contended that the Speedy Trial Act had not been violated, but acknowledged that the Government had filed its motion to continue because the Government "had not yet gotten all of our discovery together and to the defense." [2] (C1. Doc. 22 at 10.) Judge Lawson disagreed with the Government's contention that the Speedy Trial Act had not been violated and dismissed the original indictment without prejudice. [3]

On May 12, 2021, seventeen (17) months later, the Government reindicted Defendant on the exact same charge, felon in possession of a firearm. (C2. Doc. 1.) Defendant was arrested pursuant to that second indictment on June 17, 2021. On June 22, 2021 Defendant was arraigned and made his initial appearance before the Honorable Judge Langstaff, entering a plea of not guilty. (C2. Doc. 16.) Defendant was ordered to be detained pending resolution of the case (C2. Doc. 12.)

Defendant through Counsel subsequently filed Defendant's first Motion to Dismiss the Second Indictment in the present case on July 16, 2021. (C2. Doc. 23.) The Government filed a Response on August 18, 2021. (C2. Doc. 24.) After holding hearing and reviewing subsequent briefing on the issue, this Court entered an Order on November 16, 2021 (C2. Doc. 29) denying Defendant's first Motion to Dismiss the Second Indictment. The Court denied the Defendant's First Motion to Dismiss the Second Indictment (C2. Doc. 23) because

---

[2] The Defendant did not receive discovery until nearly a year – 351 days – after Defendant was first indicted in Case One.

[3] The Court notes for the purposes of the record that no time was excluded under the Speedy Trial Act in either Case One or Case Two, pursuant to the Middle District of Georgia's standing orders extending a jury trial moratorium because of ongoing Covid-19 pandemic.

the Speedy Trial Act clock had yet to expire, and this Court lacked jurisdiction to review whether the first indictment, should have been dismissed with prejudice. (C2. Doc. 29.)

On December 6, 2021 this Court entered an Order for the Parties to confer and inform the Court whether any matters requiring a hearing or further briefing or whether the case was ready to proceed to trial. (C2. Doc. 30.) On December 20, 2021 Defendant through Counsel entered a Response informing the Court that there were no matters requiring a hearing or further briefing. (C2. Doc. 31.) As it was unclear to the Court from Defendant's Response whether a continuance was required, this Court entered an additional Order on December 23, 2021 (C2. Doc. 33) informing Defendant that the case would be noticed for a pretrial conference unless a Defendant filed a motion to continue within five days.

On December 27, 2021 the Government filed a unilateral Motion to Continue Trial in the Interests of Justice.[4] (C2. Doc. 34.) Seven days later, on January 3, 2022, this Court entered an Order (C2. Doc. 35) granting the Government's Motion to Continue. In that Order the Court noted that Defendant had neither contested or challenged the Government's Motion and provided that if Defendant filed a written objection to the continuance by January 7, 2022 the Court would reconsider the Order. (C2. Doc. 35 at 2.)

That same day, Defendant filed his Second Motion to Dismiss the Second Indictment[5] (C2. Doc. 37) for violation of the Speedy Trial Act, 18 U.S.C. § 3161, and Objection to the Government's Motion for Continuance and Extension of the Speedy Trial Act Deadline. (C2.

---

[4] Therein, Counsel for the Government informed the Court that a continuance was needed as both parties were still preparing for trial, and it was the Government's position that Defendant needed additional time to consider any plea agreement offered by the Government, taking into consideration due diligence. (C2. Doc. 34.)

[5] The Court notes for the purposes of the record that Defendant in his Reply Brief (Doc. 43) withdrew the argument Defendant's argument that the Speedy Trial Act clock expired on December 27, 2021. That argument was based upon a mathematical error.

Doc. 36.) As Defendant timely filed his written Objection (C2. Doc. 36), the Court elected to reconsider its Order granting the Government's Motion to Continue. (C2. Doc. 35.) To be fully informed as to both issues, the Court entered an Order, ordering the Government to respond by January 12, 2022. (C2. Doc. 37.) The Government filed their Response in Opposition (C2. Doc. 39) to both issues on January 12, 2022. The Court then entered an Order (C2. Doc. 42) ordering the Defendant to file their reply brief by no later than the close of business on Monday, January 24, 2022.[6] The Defendant timely filed their Reply Brief (C2. Doc. 43) on January 24, 2022.

On January 26, 2022 the Court held a Pre-Trial Conference in this case. At that Pre-Trial Conference, the issue of whether this Court's January 3, 2022 Order (Doc. 35) should be vacated was discussed. When the Court inquired whether the Government wished to provide any further briefing, the Government stated that it did not.

## **DISCUSSION**

As stated *supra* this Court is only addressing whether this Court's Order Continuing Trial (C2. Doc. 35) should be vacated in the present case, based upon the Defendant's Objection (C2. Doc. 36) to the Government's Motion to Continue. (C2. Doc. 34.) The issue presently before the Court, therefore, is whether Government's unilateral Motion to Continue Trial in the Interests of Justice (C2. Doc. 34) was supported by any of the factors identified in 18 U.S.C. § 3161(h). It is the Defendant's position that the Government's Motion to Continue was not. (C2. Doc. 36.) In the Government's Response in Opposition (C2. Doc. 39), the

---

[6] The Court notes for the purposes of the record that in the January 19, 2022 Order, the Court noticed the Government that if they desired to file a sur-reply, it must do so immediately upon reviewing the Defendant's reply. (C2. Doc. 42.)

Government presented one legal argument – and two factual justifications – as to why this Court should decline to vacate its Order Continuing Trial. (C2. Doc. 35.)

The Government first directs the Court to 18 U.S.C. § 3161(h)(7)(B)(iv). 18 U.S.C. § 3161(h)(7)(B)(iv) provides that the Court should consider:

> "[w]hether the failure to grant such a continuance in a case, which taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

It is the Government's position that "an Ends of Justice Continuance" is appropriate, because the Counsel for the Government avers that they have been diligently preparing for trial in this case since November 16, 2021.[7] (C2. Doc. 39 at 5.)

This Court does not find that a continuance in this case serves the ends of justice as the Government has had more than reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[8] Defendant was first indicted – and charged with being a convicted felon in possession of a firearm – on November 13, 2018, 1,170 days ago. (C1. Doc. 1.) That first indictment was later dismissed without prejudice by Judge Lawson on January 9, 2020 for violation of the Speedy Trial Act because the Government "had not yet gotten all of [its] discovery together and to the defense." (C1. Doc. 22 at 10.)

---

[7] The Court notes for the purposes of the record that November 16, 2021 was the day that this Court entered an Order (C2. Doc. 29) denying the Defendant's First Motion to Dismiss the Second Indictment. (C2. Doc. 23.)

[8] The Court also notes that the reason cited by the Government its Response Brief (C2. Doc. 39) as to why a continuance is necessary is different than the one proffered in the Government's initial Motion to Continue. (C2. Doc. 34.)

Defendant was reindicted on the exact same charge on May 12, 2021, 259 days ago. Accordingly, even if Counsel for the Government only began preparing for the trial upon re-indicting the Defendant, Counsel would still have had two-thirds of a year to prepare. It would appear, however, that Counsel for the Government only began to prepare for trial in this case as of November 16, 2021, the day that this Court entered an Order dismissing Defendant's First Motion to Dismiss the Indictment.[9] The Government's Counsel does not state what, if anything, prevented Counsel's preparation prior to that date. Accordingly, it does not appear that Counsel for the Government has exercised due diligence in preparing this case for trial and even if the Government has been diligently preparing, they have had more than the reasonable time necessary for effective preparation. Accordingly, the Government has not provided this Court with a legally cognizable reason to continue the trial in this case, that justifies this Court continuing this case under 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also notes that the Government provided two additional factual reasons why this Court should decline to vacate its Order Continuing Trial. (C2. Doc. 35.) The first reason is a reference to the fact that Counsel for the Government is scheduled to try another case, beginning February 7, 2021 before the Court. While this reason is not couched within a legal argument, the Court notes that the Speedy Trial Act specifically provides that "[n]o continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(1)(7)(C).

---

[9] "Since the Court entered the Order dismissing the Defendant's Motion to Dismiss on November 16th, the undersigned has diligently sought to draft trial documents, prepare exhibits from the review of the videos, photographs and case file, and schedule witness interviews for trial preparation." (C2. Doc. 39 at 5.)

Therefore, the fact that Government's Counsel has another case before this Court currently scheduled for the February trial term does not impact this Court's analysis of whether its Order Continuing Trial (C2. Doc. 35) should be vacated.

The second reason that the Government provides that the Court should decline to vacate its Order Continuing Trial (C2. Doc. 35) is that the "Defendant has never asserted his speedy-trial right and it was incumbent upon the Defendant to assert his right to a speedy trial and file a demand for trial, if he, in good faith, intended to proceed to trial." (C2. Doc. 39 at 7.) It is Government's position that any alleged delay in trial is due to the alleged evasive tactics employed by the Defendant to avoid a trial and manufacture a violation of the Speedy Trial Act. (Doc. 39 at 7.) While a Defendant may be required to assert their right to a speedy trial and file a demand for trial in Georgia State Court, that is not a requirement in Federal Court.[10] Accordingly, the fact that the Defendant never explicitly demanded a trial, or filed a demand for trial, is once again not a relevant factor for this Court's determination of whether its Order Continuing Trial (C2. Doc. 35) should be vacated.

Finally, for the purposes of the record, the Court notes that the Government provided one additional argument at the January 25, 2022 Pre-Trial Conference in support of its Motion to Continue. (C2. Doc. 34.) Specifically, the Government stated for the first time that it filed its unilateral Motion to Continue (C2. Doc. 34) to preempt the expiration of the Speedy Trial

---

[10] The Court notes for the purposes of the record that the fact that a Defendant did demand a trial is relevant to determining whether a Defendant's right to a Speedy Trial was violated but not dispositive of the issue presently before this Court, i.e., whether the Government's Motion for Continuance (C2. Doc. 34) should be granted.

Act before the beginning of the February term.[11] The Government did not present this justification in either its Motion to Continue (C2. Doc. 34) or Response in Opposition (C2. Doc. 39) and therefore the Court does not consider the Government's new justification in this Order.

In conclusion, the Government has not provided this Court with a legally cognizable reason under the Speedy Trial Act why this Court's Order Continuing Trial (C2. Doc. 35) should not be vacated. Accordingly, Defendant's Objection is **SUSTAINED**, and this Court's January 3, 2022 Order (C2. Doc. 35) – later amended on January 18, 2022 (C2. Doc. 40) granting a continuance of the captioned case – is **VACATED**.

**SO ORDERED**, this ___26th___ day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] In effect, the Government's position at the Pre-Trial Conference was that its Motion to Continue (C2. Doc. 34) was necessary to cover the period between the possible expiration of the Speedy Trial Act and the beginning of this Court's regularly scheduled February 2022 trial term.