IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:21-CR-00017 (WLS-ALS-1) |
| BRANDON RASHAD DOWDELL, | : |
| Defendant. | : |

## ORDER

The Court held a hearing on the United States Probation Office's Petition (Doc. 76) to revoke Defendant Brandon Rashad Dowdell's supervised release. This Order memorializes that hearing. Previously, Dowdell pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The Petition alleges four violations of his supervised release. (Doc. 76 at 1.)

At the hearing, Defense Counsel acknowledged that Dowdell had been provided with a copy of the Petition for revocation and that he had reviewed it with Counsel. The Court advised Dowdell of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Dowdell was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Dowdell acknowledged he understood. The Court also confirmed from Dowdell that he had received the Petition and the Revocation Report (Doc. 86) and reviewed them. Dowdell stated that he had spoken to Counsel and wished to stipulate to the remaining alleged violations. The Court also found that Dowdell's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Dowdell stipulated to all alleged violations, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1] Once

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is

the violations had been established, the Court heard from the Government and Defense Counsel; and Dowdell himself. Neither Dowdell nor the Government objected to the Revocation Report. The Court then declared Dowdell's supervised release revoked.

The Court determined Dowdell's U.S. Sentencing Guidelines range to be 7 to 13 months based on Grade C violations and a criminal history category of V. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Dowdell to time served. The Court found this sentence appropriate to reflect the seriousness of Dowdell's conduct and to protect the public. Dowdell's imprisonment shall be followed by a two-year term of supervised release.

For these reasons, the Petition (Doc. 76) is **GRANTED**, and Dowdell's supervised release is **REVOKED**. Defendant is sentenced to time served. After his release, he will serve a two-year term of supervised release.

**SO ORDERED**, this 11th day of August 2025.

> /s/ W. Louis Sands
> **W. LOUIS SANDS, SR. JUDGE**
> **UNITED STATES DISTRICT COURT**

---

'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).